UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION
CASE NO. 3:18-cv-571-RV-EMT

JESSICA N. ROGERS, as personal representative
of the Estate of Jose F. Escano-Reyes, and as
parent and natural guardian of Y.C., a minor child,

       Plaintiff,

v.

DEP. JOHN GADDIS in his individual capacity,
DEP. MICHELLE BAUMAN in her individual capacity,
and SHERIFF BOB JOHNSON, in his official capacity,

       Defendants.
_____/

## [PLAINTIFF'S PROPOSED PHASE I] VERDICT FORM

We, the jury, return the following verdict:

1. Was Defendant Gaddis deliberately indifferent to Mr. Escaño-Reyes's serious medical/psychiatric needs, and if so, did his deliberate indifference legally cause Mr. Escaño-Reyes's death?

    YES_____  NO_____

    If your answer to Question 1 was "Yes," please proceed to Question 2. If your answer to Question 1 was "No," please proceed to Question 3.

2. Did Defendant Gaddis act with reckless indifference to Mr. Escaño-Reyes's federally protected rights such that the imposition of punitive damages is warranted?

    YES_____  NO_____

    Please proceed to Question 3.

3. Did Defendant Gaddis act with wanton or willful disregard for Mr. Escaño-Reyes's human rights and/or safety, and if so, was his conduct a substantial factor in causing Mr. Escaño-Reyes's death?

   YES_____   NO_____

   If your answer to Question 3 was "Yes," please proceed to Question 4. If your Answer to Question 4 was "No," please proceed to Question 5.

4. Do you find, by clear and convincing evidence, that Defendant Gaddis is liable for intentional misconduct or gross negligence, which was a substantial cause of Mr. Escaño-Reyes's death, such that the imposition of punitive damages is warranted?

   YES_____   NO_____

   Please proceed to Question 5.

5. Was Defendant Bauman deliberately indifferent to Mr. Escaño-Reyes's serious medical/psychiatric needs, and if so, did her deliberate indifference legally cause Mr. Escaño-Reyes's death?

   YES_____   NO_____

   If your answer to question 5 was "Yes," please proceed to question 6. If your answer to Question 5 was "No," please proceed to question 7.

6. Did Defendant Bauman act with reckless indifference to Mr. Escaño-Reyes's federally protected rights such that the imposition of punitive damages is warranted?

   YES_____   NO_____

   Please proceed to Question 7.

7. Did Defendant Bauman act with wanton or willful disregard for Mr. Escaño-Reyes's human rights and/or safety, and if so, was Defendant Bauman's conduct a substantial factor in causing Mr. Escaño-Reyes's death?

   YES_____   NO_____

   If your answer to question 7 was "Yes," please proceed to question 8. If your answer to question 7 was "No," please proceed to question 9.

8. Do you find, by clear and convincing evidence, that Defendant Bauman is liable for intentional misconduct or gross negligence which was a substantial cause of Mr. Escaño-Reyes's death, such that the imposition of punitive damages is warranted?

   YES_____   NO_____

   Please proceed to Question 9.

9. Did one or more of the employees or agents of the Santa Rosa County Sheriff's Office violate Mr. Escaño-Reyes's constitutional rights and, if so, did Defendant the Santa Rosa County Sherriff's Office have one or more widespread practices or courses of conduct that were, by themselves or together, a moving force behind Mr. Escaño-Reyes's death?

   YES_____   NO_____

   Please proceed to Question 10.

   If you answered "Yes" to any of questions 1-9 above, please proceed to Question 10. If you answered "No" to all of questions 1-9 above, then you should proceed no further other than to sign and date the verdict form and return it to the courtroom.

10. What is the total amount of damages that **[insert name of Minor Child]** has sustained and will sustain in the future for lost parental consortium, instruction, and guidance and for mental pain and suffering as a result of Mr. Escaño-Reyes's death?

    $_____

    Please sign and date the verdict form and return it to the courtroom.

    SO SAY WE ALL this _____ day of _____, 2021.

    _____
    Foreperson

    Respectfully submitted,
    Bradford R. Sohn, Esq.
    The Brad Sohn Law Firm
    2600 Douglas Road, Suite 1007
    Coral Gables, Florida 33134
    Telephone: (786) 708-9750
    Fax: (305) 397-0650
    Email: Brad@Sohn.com

    David Pollack, Esq.
    Law Office of David H. Pollack,
    2600 Douglas Road, Suite 1007
    Coral Gables, Florida 33134
    Telephone: 305-372-5900
    Facsimile: 305-372-5904
    Email designations:
    david@davidpollacklaw.com
    eric@davidpollacklaw.com

    BY:  /s/Bradford Rothwell Sohn

BRAD R. SOHN

FLA. BAR NO. 98788

## CERTIFICATE OF SERVICE

I certify that the foregoing was filed via CM/ECF this 1ST day of June, 2021, which will serve all parties of record.

BY: /s/Bradford Rothwell Sohn

BRAD R. SOHN

FLA. BAR NO. 98788