UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JESSICA N. ROGERS, etc.,

      Plaintiff,

v.                           CASE NO. 3:18-cv-571-RV-EMT

SHERIFF BOB JOHNSON, et al,

      Defendants.
_____/

## **GADDIS' AND BAUMAN'S PROPOSED JURY INSTRUCTIONS**
## **STAGE ONE OF BIFURCATED TRIAL**

### **Table of Contents**

1.1    General Preliminary Instruction

1.3    Official English Translation/Interpretation

1.5    Interim Statements

2.1    Stipulations

2.2    Use of Depositions

2.5    Judicial Notice

2.7    In-trial Instructions on News Coverage

3.1    Introduction

3.2.3  The Duty to Follow Instructions – Government Entity or Agency Involved

3.3    Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court

3.4    Credibility of Witnesses

3.5.1 Impeachment of Witnesses Because of Inconsistent Statements

3.6.1 Expert Witness

3.6.2 Expert Witness – When Expert Fees Represent a Significant Portion of the Witness's Income

3.7.1 Responsibility for Proof – Plaintiff's Claim[s] – Preponderance of the Evidence

SPECIAL INSTRUCTION #1:  Based on Florida Standard Jury Instruction 401.1 - Negligence

5.8    Civil Rights – 42 U.S.C. § 1983 Claims – Eighth or Fourteenth Amendment Claim – Convicted Prisoner or Pretrial Detainee Alleging Deliberate Indifference to Serious Medical Need

SPECIAL INSTRUCTION #2:  Deliberate Indifference

5.10 and 5.11 Civil Rights – 42 U.S.C. § 1983 Claims – Government Entity Liability

601.4   Multiple Claims, Numerous Parties, Consolidated Cases

5.13   Civil Rights – 42 U.S.C. § 1983 Claims – Damages

503.1(a) Punitive Damages – Bifurcated Procedure

SPECIAL INSTRUCTION #3: Regarding Punitive Damages

SPECIAL INSTRUCTION #4:  Regarding Punitive Damages

3.8.1 Duty to Deliberate When Only the Plaintiff Claims Damages

502.8 Liability of Multiple Tortfeasors

3.9    Election of Foreperson Explanation of Verdict Forms

SPECIAL INSTRUCTION #5:   Non-Citizen Inadmissible Entry into The United States

SPECIAL INSTRUCTION #6

SPECIAL INSTRUCTION#7

Special Jury Instruction # 8 - (Suggested Curative Instruction)

SPECIAL JURY INSTRUCTION #9

SPECIAL JURY INSTRUCTION #10

## 1.1 General Preliminary Instructions

**<u>Members of the Jury:</u>**

Now that you have been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I will give you more detailed instructions at the end of the trial.

**<u>The jury's duty:</u>**

It is your duty to listen to the evidence, decide what happened, and apply the law to the facts. It is my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

**<u>What is evidence</u>:**

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let us say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness did not personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

**What is not evidence:**

During the trial, you will hear certain things that are not evidence, and you must not consider them.

First, the lawyers' statements and arguments are not evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves are not evidence and should not play a role in your deliberations.

Second, the lawyers' questions and objections are not evidence. Only the witnesses' answers are evidence. Do not decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence does not permit it. If I overrule the objection, then the witness may answer the question, or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the

question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

**<u>Credibility of witnesses</u>:**

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- · the witness's opportunity and ability to see, hear, or know the things the witness is testifying about.

- · the witness's memory.

- · the witness's manner while testifying.

- · any interest the witness has in the outcome of the case.

- · any bias or prejudice the witness may have.

- · any other evidence that contradicts the witness's testimony.

- · the reasonableness of the witness's testimony in light of all the evidence; and

- · any other factors affecting believability.

6

At the end of the trial, I will give you additional guidelines for determining a witness's credibility.

**Conduct of the jury:**

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you are a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You should not even talk about the case with each other until you begin your deliberations. You want to make sure you have heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means.  This includes e-mails, text messages, phone calls, and the Internet, including social-networking websites and apps such as Facebook, Instagram, Snapchat, YouTube, and Twitter.  You may not use any similar technology of social media, even if I have not specifically mentioned it here.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are

doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also should not Google or search online or offline for any information about the case, the parties, or the law. Do not read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It is very important that you understand why these rules exist and why they are so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it is important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

**<u>Taking notes</u>:**

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please do not share them with anyone until you go to the jury room to decide the case. Do not let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They are not entitled to greater weight than your memory or impression about the testimony.

**Course of the trial:**

Let us walk through the trial. First, each side may make an opening statement, but they do not have to. Remember, an opening statement is not evidence, and it is not supposed to be argumentative; it is just an outline of what that party intends to prove.

Next, the Plaintiff will present their witnesses and ask them questions. After the Plaintiff questions the witness, Sheriff Johnson, Deputy Gaddis, and Deputy Bauman may ask the witness questions – this is called "cross-examining" the witness. Then Sheriff Johnson, Deputy Gaddis, and Deputy Bauman will present [their] witnesses, and Ms. Rogers may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I will give you instructions on the law.

You will then go to the jury room to deliberate.

**1.3 Official English Translation/Interpretation**

You may hear or see languages other than English during this trial.

You must consider evidence provided through only the official court interpreters. It is important that all jurors consider the same evidence. So even if some of you know Spanish, you must accept the English interpretation provided and disregard any different meaning.

## 1.5 Interim Statements

At times during the trial, the lawyers will address you. You will soon hear the lawyers' opening statements, and at the trial's conclusion you will hear their closing arguments. Sometimes the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence they just presented. These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be. They are not evidence themselves.

**2.1 Stipulations**

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

**2.2 Use of Depositions**

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of [name of witness], taken on [date], [is about to be/has been] presented to you [by a video/by reading the transcript]. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness were testifying in court.

[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

**2.5 Judicial Notice**

The rules of evidence allow me to accept facts that no one can reasonably dispute. The law calls this "judicial notice." I have accepted [state the fact that the court has judicially noticed] as proved even though no one introduced evidence to prove it. You must accept it as true for this case.

**2.7 In-Trial Instructions on News Coverage**

Reports about this trial [or about this incident] may appear in the media. The reporters may not have heard all the testimony as you have, may be getting information from people who are not under oath and subject to cross examination, may emphasize an unimportant point, or may simply be wrong.

You must not read, listen to, or watch anything about this trial. It would violate your oath as a juror to decide this case on anything other than the evidence presented at trial and on your own common sense. You must decide this case exclusively on the evidence you receive here in court.

**3.1 Introduction**

Members of the jury:

It is my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished, you will go to the jury room and begin your discussions, sometimes called deliberations.

### 3.2.3 The Duty to Follow Instructions – Government Entity or Agency Involved

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a governmental entity or agency is involved as a party must not affect your decision in any way. A governmental agency and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a governmental agency is involved, of course, it may act only through people as its employees; and, in general, a governmental agency is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the governmental agency.

### 3.3 Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But anything the lawyers say is not evidence and is not binding on you.

You should not assume from anything I have said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You should not be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There is no legal difference in the weight you may give to either direct or circumstantial evidence.

**3.4 Credibility of Witnesses**

When I say you must consider all the evidence, I do not mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point does not necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

### 3.5.1 Impeachment of Witnesses Because of Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or did not say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake does not mean a witness was not telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

### 3.6.1 Expert Witness

When scientific, technical, or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that does not mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

### 3.6.2 Expert Witness – When Expert Fees Represent a Significant Portion of the Witness's Income

When scientific, technical, or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that does not mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

When a witness is being paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such witness where court testimony is given with regularity and represents a significant portion of the witness's income.

### 3.7.1 Responsibility for Proof – Plaintiff's Claim[s] – Preponderance of the Evidence

In this case it is the responsibility of the Plaintiff to prove every essential part of her claim[s] by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiff.

When more than one claim is involved, you should consider each claim separately. And when more than one Defendant is involved, you should consider each Defendant separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claim[s] by a preponderance of the evidence, you should find for the Defendant as to that claim.

**SPECIAL INSTRUCTION #1:  Based On Florida Standard Jury Instruction 401.4–Negligence**

Negligence is the failure to use reasonable care, which is the care that a reasonably careful person would use under like circumstances. Negligence is doing something that a reasonably careful person would not do under like circumstances or failing to do something that a reasonably careful person would do under like circumstances.

No officer, employee, or agent of the  state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of an act, event, or omission of action in the scope of her or his employment or function., unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful  disregard of human rights. Safety or property… The exclusive remedy for injury or damage suffered as a result of an act, event, or omission of an officer, employee, shall be by action against the governmental entity, or the head of such entity in her or his official capacity, unless such act or omission was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property.

**Source:** Florida Standard Jury Instructions in Civil Cases and Section 768.28(9)(a),

Fla. Stat.

Given:

Denied:

Modified:

**5.8 Civil Rights – 42 U.S.C. § 1983 Claims – Eighth or Fourteenth Amendment Claim – Convicted Prisoner or Pretrial Detainee Alleging Deliberate Indifference to Serious Medical Need**

In this case, Jessica N. Rogers, as Personal Representative of the Estate of Jose F. Escaño-Reyes, and as parent and natural guardian of Y.E.R., a minor child claims that each of the Individual Defendants, Deputy Bauman, and Deputy Gaddis, individually and independently, while acting under color of law, was deliberately indifferent to Jose F. Escaño-Reyes's known risk of suicide and caused his death in violation of his Fourteenth Amendment rights.

The United States Constitution provides that anyone who is imprisoned is entitled to necessary medical care, and a corrections officer violates that right by being deliberately indifferent to a prisoner's known risk of suicide.

To succeed on this claim, Jessica N. Rogers, as Personal Representative of the Estate of Jose F. Escaño-Reyes, and as parent and natural guardian of Y.E.R., a minor child must prove each of the following facts by a preponderance of the evidence as to each of the Individual Defendants:

**First**:     That Mr. Escaño-Reyes had a serious medical need. The parties have agreed that Mr. Escaño-Reyes's risk of suicide was a serious medical need, so you should accept that as a proven fact.

**Second**:  That Deputy Gaddis and Deputy Bauman each knew that Mr. Escaño-

Reyes had a serious medical need that posed a risk of suicide.

**Third**:    That Deputy Gaddis and Deputy Bauman each failed to provide or get necessary medical care for Mr. Escaño-Reyes's serious medical need in deliberate indifference to the risk of suicide.

**Fourth**:  That Deputy Gaddis and Deputy Bauman's conduct each caused Mr. Escaño-Reyes's death; and

**Fifth**:    That Deputy Gaddis and Deputy Bauman each acted under color of law. The parties have agreed that Deputies Gaddis and Bauman acted under color of law, so you should accept that as a proven fact.

For the **second** element, you must determine whether Deputy Gaddis or Deputy Bauman actually knew Mr. Escaño-Reyes had a risk of suicide, ignored that risk, and acted with more than gross negligence. Put another way, it is not enough to show that either Deputy Gaddis or Deputy Bauman was careless or neglected his or her job duties and should have known about Mr. Escaño-Reyes's risk of suicide. And it is not enough to show that a reasonable person would have known of the risk of suicide. However, you may find from circumstantial evidence that Deputy Gaddis or Deputy Bauman knew about the risk of suicide. For example, if the risk of suicide harm was obvious, you may, based on that, find that either Deputy Gaddis or Deputy Bauman knew about the risk. However, no liability may arise against Deputy Gaddis or Deputy Bauman if either of them should have perceived a significant risk but did not.

For the **third** element, to decide whether Deputy Gaddis and/or Deputy Bauman was deliberately indifferent to Mr. Escaño-Reyes's risk of suicide, you may consider all the relevant circumstances including the seriousness of Mr. Escaño-Reyes's condition or symptoms, the length of any delay in providing observation of Mr. Escaño-Reyes's, and the reasons for any delay. Deliberate indifference exists only when the conduct of the defendant is grossly inadequate so as to shock the conscience or intolerable to fundamental fairness. Jessica N. Rogers, as Personal Representative of the Estate of Jose F. Escaño-Reyes, and as parent and natural guardian of Y.E.R., a minor child has the burden of showing through medical evidence that any failure to observe had a detrimental effect on Mr. Escaño-Reyes. If the conduct by either Deputy Gaddis or Deputy Bauman cannot be fairly characterized as reckless, then Jessica N. Rogers, as Personal Representative of the Estate of Jose F. Escaño-Reyes, and as parent and natural guardian of Y.E.R., a minor child cannot satisfy this burden. And, to act recklessly, a person must consciously disregard a substantial risk of serious harm. In addition, the law does not require that Mr. Escaño-Reyes's had to receive continuous observation, 24 hours a day.

For the **fourth** element, you must determine whether Deputy Gaddis's and/or Deputy Bauman's conduct caused Mr. Escaño-Reyes's death. Deputy Gaddis's and/or Deputy Bauman's conduct caused Mr. Escaño-Reyes's death if

Mr. Escaño-Reyes would not have died without Deputy Gaddis's and/or Deputy Bauman's specific conduct, and his death was a reasonably foreseeable consequence of Deputy Gaddis's and/or Deputy Bauman's conduct.

If you find Jessica N. Rogers, as Personal Representative of the Estate of Jose F. Escaño-Reyes, and as parent and natural guardian of Y.E.R., a minor child has proved each of the facts she must prove against either Deputy Gaddis or Deputy Bauman, you must then decide the issue of damages. If you find that Jessica N. Rogers, as Personal Representative of the Estate of Jose F. Escaño-Reyes, and as parent and natural guardian of Y.E.R., a minor child has not proved each of these facts against Deputy Gaddis and/or Deputy Bauman, then you must find for Deputy Gaddis and/or Deputy Bauman.

**Source:**   11th Cir. Pattern Jury Instructions 5.8, 5.9 (modified); *Hill v. Dekalb Regional Youth Detention Center,* 40 F.3d 1176, 1187 (11th Cir.1994), *abrogated on other grounds, Hope v. Pelzar,* 536 U.S. 730 (2002); *Hoffer v. Secretary, Florida Dept. of Corrections*, 973 F.3d 1263 (11th Cir. 2020); *Burnette v. Taylor*, 533 F.3d 1325, 1331 (11th Cir. 2008) (quoting *Farmer*, 511 U.S. 825, 838 (1994)); *Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995); *Kuhne  v. Florida Dept. of Corrections*, 818 F. App'x. 498, 507 (11th Cir. 2015) (quoting *Townsend v. Jefferson Cnty.*, 601 F.3d 1152, 1159 (11th Cir. 2010); *Carter v. Butts*, Case No.:5:18-cv-423, 2020 WL 1882908, *6 (M.D. Ga. March 18, 2020); *Keith v. DeKalb Cnty., Ga.*, 749 F.3d 1034, 1050 (11th Cir. 2014).

Given:

Denied:

Modified:

**SPECIAL INSTRUCTION #2:  Deliberate Indifference**

"Deliberate indifference includes both an objective and subjective component."

To establish the objective component, the Plaintiff must establish that Mr. Escaño-Reyes had an objectively serious medical need.

To establish the subjective component, the Plaintiff must establish that Deputy Gaddis and/or Deputy Bauman: (1) had subjective knowledge of a risk of serious harm to Mr. Escaño-Reyes; (2) that they disregarded that risk; and (3) they acted with more than gross negligence. To be liable for Deliberate Indifference, Deputy Gaddis and/or Deputy Bauman must react to that knowledge with a level of recklessness, i.e., they must consciously disregard a substantial risk of serious harm.

The subjective component requires a Plaintiff to establish that Deputy Gaddis and/or Deputy Baum had a "sufficiently culpable state of mind."  To meet that burden of proof regarding this subjective component concerning "sufficiently culpable state of mind, that (1) the Deputy/Deputies knows of and disregards an excessive risk to inmate health or safety; (2) the Deputy/Deputies must be aware of facts from which the inference could be drawn that a substantial risk of serious harms exists; and (3) the Deputy/Deputies must also draw that inference.

To prove Deliberate Indifference against Deputy Gaddis and/or Deputy Bauman, the Plaintiff must establish that Deputy Gaddis and/or Deputy Bauman

subjectively knew of a "strong likelihood" rather than a possibility that Mr. Escaño-Reyes was going to commit suicide.

**See**:  *Hoffer v. Secretary of the Florida Department of Corrections*, 973 F.3d 1263, 1270-71 (11th Cir. 2020); *Farmer v. Brennan*, 511 U.S. 825, 834-835, 837 (1994); *Snow v. City of Citronelle, Ala.*, 420 F.3d 1262, 1268 (11th Cir. 2005).

Given:

Denied:

Modified:

**5.10 and 5.11 Civil Rights – 42 U.S.C. § 1983 Claims – Government Entity Liability**

Jessica N. Rogers, as Personal Representative of the Estate of Jose F. Escaño-Reyes, and as parent and natural guardian of Y.E.R., a minor child claims that Sheriff Johnson, in his official capacity as Sheriff of the Santa Rosa County Sheriff's Office, which employed Deputies Gaddis and Bauman, is liable for violating Mr. Escaño-Reyes's constitutional rights. You should consider whether Sheriff Johnson, in his official capacity, is liable only if you find that Deputy Gaddis and/or Deputy Bauman violated Mr. Escaño-Reyes's constitutional rights.

*a. Policy or Custom*

Sheriff Johnson, in his official capacity, is not liable for violating Mr. Escaño-Reyes's constitutional rights simply because the Santa Rosa County Sheriff's Office employed Deputies Gaddis and Bauman. Rather, Sheriff Johnson, in his official capacity, is liable if Jessica N. Rogers, as Personal Representative of the Estate of Jose F. Escaño-Reyes, and as parent and natural guardian of Y.E.R., a minor child proves that an official policy or custom of the Santa Rosa County Sheriff's Office directly caused his injuries. Put another way, Sheriff Johnson, in his official capacity, is liable if its official policy or custom was the moving force behind Jose F. Escaño-Reyes's injuries.

An "official policy or custom" means:

(a)    A rule or regulation created, adopted, or ratified by the Santa Rosa County Sheriff's Office; or

(b)    A policy statement or decision made by the Santa Rosa County Sheriff's Office's policymaker; or

(c)    A practice or course of conduct that is so widespread that it has acquired the force of law—even if the practice has not been formally approved.

You may find that an "official policy or custom" existed if there was a practice that was so persistent, widespread, or repetitious that the Santa Rosa County Sheriff's Office's policymaker either knew of it or should have known of it.

Sheriff Johnson, in his official capacity, is the Santa Rosa County Sheriff's Office's "policy-maker."

**601.4 Multiple Claims, Numerous Parties, Consolidated Cases**

In your deliberations, you will consider and decide seven distinct claims as follows: a negligence claim against Deputy Gaddis; a negligence claim against Deputy Bauman; a negligence claim against Sheriff Johnson, in his official capacity; a deliberate indifference claim against Deputy Gaddis; a deliberate indifference claim against Deputy Bauman; a claim that Sheriff Johnson, in his official capacity, had an official policy or custom which caused a violation Mr. Escaño-Reyes's constitutional rights.

Although these claims have been tried together, each is separate from the others, and each party is entitled to have you separately consider each claim as it affects that party. Therefore, in your deliberations, you should consider the evidence as it relates to each claim separately, as you would have each claim been tried before you separately.

**Source:** Florida Standard Jury Instructions in Civil Cases.

Given:

Denied:

Modified:

**5.13 Civil Rights – 42 U.S.C. § 1983 Claims – Damages**

You should assess the monetary amount that a preponderance of the evidence justifies as full and reasonable compensation for all of the damages of Jessica N. Rogers, as Personal Representative of the Estate of Jose F. Escaño-Reyes, and as parent and natural guardian of Y.E.R., a minor child - no more, no less. You must not impose or increase these compensatory damages to punish or penalize Deputy Gaddis, Deputy Bauman, or Sheriff Johnson, in his official capacity. And you must not base these compensatory damages on speculation or guesswork.

But compensatory damages are not restricted to actual loss of money. The Plaintiff does not have to introduce evidence of a monetary value for intangible things like the loss by Mr. Escaño-Reyes's minor child of parental companionship, instruction, and guidance, and his mental pain and suffering as a result of Mr. Escaño-Reyes's death. In determining the duration of those losses, you may consider the joint life expectancy of Mr. Escaño-Reyes and the life expectancy of his surviving child with the other evidence in this case. You must determine what amount will fairly compensate the Plaintiff for those claims. There is no exact standard to apply, but the award should be fair in light of the evidence.

**503.1(a) Punitive Damages — Bifurcated Procedure**

There is an additional claim in this case that you must decide.  If you find for Estate of Escaño-Reyes and against Deputy Gaddis and/or Deputy Bauman, you must decide whether, in addition to compensatory damages, punitive damages are warranted as punishment to one or more of these defendants and as a deterrent to others.

The trial of the punitive damages issue is divided into two parts. In this first part, you will decide whether the conduct of Deputy Gaddis and/or Deputy Bauman is such that punitive damages are warranted. If you decide that punitive damages are warranted against either Deputy Gaddis or Deputy Bauman, or both of them, we will proceed to the second part of that issue during which the parties may present additional evidence and argument on the issue of punitive damages. I will then give you additional instructions, after which you will decide whether, in your discretion, punitive damages will be assessed and, if so, the amount.  If you decide that punitive damages are not warranted against either Deputy Gaddis or Deputy Bauman, there will be no second part of the trial and your services as juror will end when you have delivered your verdict.

**<u>Source:</u>**   *Modification of Florida Standard Jury Instruction 503.1(a) Punitive Damages -- Bifurcated Procedure.*

Given:

Denied:

Modified:

PLAINTIFF is seeking a punitive damage award against Deputy Gaddis and Deputy Bauman on both the Federal law claims and the State law claims.

**First Phase of Bifurcation – Punitive Damage for Federal Law Claims**

I will now instruct you as to the instructions related to the claim for punitive damage associated with the Federal Law Claims against Deputy Gaddis and Deputy Bauman.

If you find for PLAINTIFF and find that Deputy Gaddis and/or Deputy Bauman acted with malice or reckless indifferent to Mr. Escaño-Reyes's federally protected rights, the law allows you, in your discretion, to award PLAINTIFF punitive damages as a punishment for Deputy Gaddis and/or Deputy Bauman  and as a deterrent to others.

PLAINTIFF must prove by a preponderance of the evidence that she is entitled to punitive damages.

Deputy Gaddis and/or Deputy Bauman acts with malice if his and/or her conduct is motivated by evil intent or motive.  Deputy Gaddis and/or Deputy Bauman acts with reckless indifference to the protected federal rights of Mr. Escaño-Reyes when Deputy Gaddis and/or Deputy Bauman engages in conduct with a callous disregard for whether the conduct violates Mr. Escaño-Reyes protected federal rights.

Regarding the Plaintiff's demand for punitive damages regarding the Federal Law claims, you may assess punitive damages against one or both of these individual

Defendants or you may decide not to award punitive damages against one or both of these individual Defendants.

**Source**: *Modified 11ᵗʰ CIRCUIT Pattern Jury Instruction 5.13 - Punitive Damages*

### First Phase of Bifurcation - Punitive Damage for State Law Claim:

I will now instruct you as to the instructions related to the claim for punitive damage associated with the State Law Claims against Deputy Gaddis and Deputy Bauman.

PLAINTIFF requests that punitive damages should be awarded against Deputy Gaddis and/or Deputy Bauman conduct based upon their negligence in performing their duties at the Santa Rosa County Jail on April 7, 2016, regarding Mr. Escaño-Reyes.  Punitive damages are warranted against Deputy Gaddis and/or Deputy Bauman if you find by clear and convincing evidence that Deputy Gaddis and/or Deputy Bauman were/was guilty of intentional misconduct or gross negligence, which was a substantial cause of injury to Mr. Escaño-Reyes. Under those circumstances you may, in your discretion, award punitive damages against Deputy Gaddis and/or Deputy Bauman. If clear and convincing evidence does not show such conduct by Deputy Gaddis and/or Deputy Bauman, punitive damages are not warranted against Deputy Gaddis and/or Deputy Bauman.

"Intentional misconduct" means that Deputy Gaddis and/or Deputy Bauman had actual knowledge of the wrongness of their conduct and there was a high

probability of injury to Mr. Escaño-Reyes and, despite that knowledge, he and/or she intentionally pursued the course of conduct, resulting in injury.  "Gross negligence" means that Deputy Gaddis' and/or Deputy Bauman's conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of person exposed to such conduct.

"Clear and convincing evidence" differs from the "greater weight of the evidence" in that it is more compelling and persuasive.  As I have already instructed you, "greater weight of the evidence" means the more persuasive and convincing force and effect of the entire evidence in the case.

Regarding the Plaintiff's demand for punitive damages regarding the State Law claims, you may assess punitive damages against one or both of these individual Defendants or you may decide not to award punitive damages against one or both of these individual Defendants.

**Source**: *Modified Florida Standard Pattern Jury Instruction 503.1(b)(1)- Punitive Damages*

Given:

Denied:

Modified:

**SPECIAL INSTRUCTION #3:  Regarding Punitive Damages:**

"It should be presumed a plaintiff has been made whole for his injuries by compensatory damages, so punitive damages should only be awarded if the Defendant's culpability, after having paid compensatory damages, is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence."

<u>See</u>:  *State Farm Mutual Automobile Ins. Co. v. Campbell*, 123 S.Ct  1513, 1521 ( 2003) ; *Williams v. First Advantage LNS Screening Solutions, Inc.*, 947 F.3d 735, 751 (11th Cir. 2020).


Given:


Denied:


Modified:

**SPECIAL INSTRUCTION #4:  Regarding Punitive Damages:**

"The award of punitive damages should only hurt, not bankrupt, a defendant. The amount awarded should substantially punish the defendant but not place it beyond a reasonable potential financial capacity to pay the award."

**See:** *Wynn Oil Co. v. Purolator Chemical Corp.*, 403 F.Supp.226 (M.D. Fla. 1974).

Given:

Denied:

Modified:

**3.8.1 Duty to Deliberate When Only the Plaintiff Claims Damages**

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you will never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So, you must discuss the case with one another and try to reach an agreement. While you are discussing the case, do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you are judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**502.8 LIABILITY OF MULTIPLE TORTFEASORS**

If you find for Jessica N. Rogers, as Personal Representative of the Estate of Jose F. Escaño-Reyes, and as parent and natural guardian of Y.E.R., a minor child against more than one of the defendants, you should assess the damages in a single amount against the defendants whom you find to be liable.

**<u>Source:</u>** Florida Standard Jury Instructions in Civil Cases.

### 3.9 Election of Foreperson Explanation of Verdict Form[s]

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict form]

Take the verdict form with you to the jury room. When you have all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you will return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me, and I will respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

## SPECIAL INSTRUCTION #5: NON-CITIZEN INADMISSIBLE ENTRY INTO THE UNITED STATES

Evidence has been introduced that Mr. Escaño-Reyes was charged with illegal re-entry into the United States pursuant to the United States Code, specifically 8 U.S.C. §1326.

In addition, pursuant to 8 U.S.C. §1182(a)(9)(c), a non-citizen who has been unlawfully present in the United States for more than one year or who has been ordered removed, and who illegally re-enters the United States, is permanently inadmissible, i.e., they are ineligible to receive visas and are ineligible to be admitted to the United States.

**Source**: *8 U.S.C. §1326; 8 U.S.C. §1182(a)(9)(c)*

Given:

Denied:

Modified:

**SPECIAL INSTRUCTION #6**

A violation of Santa Rosa County Sheriff's Office's policy is not a basis for imposition of liability under §1983. There is no controlling constitutional principle that a prison official's failure to follow regulations is a constitutional violation.

<u>See</u>: *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986); ; see also *Holley v. Doe*, 3:19CV150/RV/EMT, 2019 WL 4492526 (N.D. Fla. Aug. 28, 2019), <u>report and recommendation adopted,</u> 3:19CV150/RV/EMT, 2019 WL 4478793 (N.D. Fla. Sept. 18, 2019).

Given:

Denied:

Modified:

46

**SPECIAL INSTRUCTION #7**

The failure to watch a prisoner at all times does not constitute deliberate indifference.  "To hold otherwise would impose on all corrections officials the obligation to constantly monitor inmates with mental health problems every minute of every hour, 24 hours per day.  The Constitution does not impose such a requirement." Additionally, there is no Constitutional requirement for Bauman and Gaddis to visually inspect the Escano-Reyes every 15 minutes.

**See**:  *Salter for Estate of Salter*, 711 Fed. Appx. at 541; See *Walker v. Williamson*, 3:15CV179/LAC/EMT, 2017 WL 4768079 (N.D. Fla. Oct. 3, 2017), report and recommendation adopted, 3:15CV179/LAC/EMT, 2017 WL 4765974 (N.D. Fla. Oct. 20, 2017).


Given:


Denied:


Modified:

**SPECIAL JURY INSTRUCTION #8 - (Suggested Curative Instruction)**

Certain evidence *(Insert Evidence)* has been introduced which may be relevant to Plaintiff's federal claim against the Sheriff, but which is not relevant to the claims against Gaddis and Bauman. Therefore, I instruct you that in considering such evidence in support of Plaintiff's claim against the Sheriff, you should not consider such evidence when evaluating the claims against Gaddis and Bauman.

**Source**:  Rule 401, 402, Federal Rules of Evidence.

Given:

Denied:

Modified:

**SPECIAL JURY INSTRUCTION #9**

The video showing the interior of ACR Cell #1 has been introduced into evidence. When making your determination concerning the claims against Gaddis and Bauman you should consider what each individual actually saw and heard on the morning of April 7, 2016. Each individual defendant must be judged separately and on the basis of what that person knew.  If you determine that they did not see the images shown of the interior of ACR Cell #1, you should not impute to Gaddis and Bauman knowledge of what was happening inside of the cell, as depicted in the video.

**Source**:  Modified from **Burnette v. Taylor**, 533 F.3d 1325, 1331 (11th Cir. 2008).


Given:


Denied:


Modified:

**SPECIAL INSTRUCTION #10**

The constitution does not require a policy or practice of monitoring detainees

or inmates on suicide watch continuously or at specific intervals. The Sheriff Johnson,

in his official capacity, is not a guarantor of an inmate's safety.

**Source**:  *Holley v Doe*, 2019 WL 4492526, at*5 (N.D. Fla. Aug. 28, 2019), *Salter v Mitchell*, 711 Fed.Appx.  530, 541 ( 11th Cir 2017), and *Cagle v Sutherland*, 334 F.3d 980, 989 ( 11th Cir. 2003).

Given:


Denied:


Modified: