UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JESSICA N. ROGERS, as Personal
Representative of the Estate of Jose
F. Escaño-Reyes, and as parent and
natural guardian of Y.E.R., a minor child,

    Plaintiff,

v.                                            CASE NO. 3:18-cv-571-RV-EMT

SHERIFF BOB JOHNSON, SGT.
RUSSELL WRIGHT, SGT. JUDITH
McPHAIL, DEP. JOHN GADDIS,
DEP. MICHELLE BAUMAN[1],

    Defendants.
_____/

## GADDIS' AND BAUMAN'S PROPOSED VERDICT FORM
## STAGE ONE OF BIFURCATED TRIAL

We, the Jury, unanimously return the following verdict:

    1.    Was there negligence on the part of Deputy John Gaddis which was a legal cause of the death of Jose Francisco Escaño-Reyes?

    YES ____         NO ____

    If your answer is "NO" to Question 1, proceed to Question 3. If your answer is "YES," proceed to Question 2.

---

[1] Since the date of this incident, Deputy Michell Bauman has married, and her current name is Michelle Amos.

1

2. Did Deputy John Gaddis act in bad faith or with malicious purpose, or in a manner exhibiting wanton and willful disregard for human rights, safety, or property?

YES \_\_\_\_        NO \_\_\_\_

3. Was there negligence on the part of Deputy Michelle Bauman which was a legal cause of the death of Jose Francisco Escaño-Reyes?

YES \_\_\_\_        NO \_\_\_\_

If your answer is "NO" to Question 3, proceed to Question 5. If your answer is "YES," proceed to Question 4.

4. Did Deputy Michelle Bauman act in bad faith or with malicious purpose, or in a manner exhibiting wanton and willful disregard for human rights, safety, or property?

YES \_\_\_\_        NO \_\_\_\_

If your answer is "NO" to both Questions 1 and 3, your answers have resulted in a finding in favor of the Defendants, you should not proceed further except to date and sign this verdict form.

If your answer is "YES" to either Question 2 or 4, proceed to question 5. For any response of "NO" to Questions 2 or 4, place a zero as to that person in response to Question 5.

5. State the percentage of any negligence, which was a legal cause of injury to Jose Francisco Escaño-Reyes that you charge to:

Deputy John Gaddis _____%

Deputy Michelle Bauman _____%

Total must be 100%

6. Did Deputy John Gaddis intentionally commit a known violation of Mr. Francisco Escaño-Reyes constitutional rights in deliberate indifference to a serious medical need?

YES \_\_\_\_    NO \_\_\_\_

7. Did Deputy John Gaddis' conduct cause Jose Francisco Escaño-Reyes's death?

YES \_\_\_\_    NO \_\_\_\_

8. Did Deputy Michelle Bauman intentionally commit a known violation of Mr. Francisco Escaño-Reyes constitutional rights in deliberate indifference to a serious medical need?

YES \_\_\_\_    NO \_\_\_\_

9. Did Deputy Michelle Bauman's conduct cause Jose Francisco Escaño-Reyes's death?

YES \_\_\_\_    NO \_\_\_\_

If your answers to each of Questions 6, 7, 8 and 9 are "NO", please skip Question 10 and then proceed to Question 11. Otherwise, proceed to Question 10.

10. Was there an official policy or custom at the Santa Rosa County Sheriff's Office which caused Deputy Gaddis and/or Deputy Bauman to act with deliberate indifference to a serious medical need of Mr. Escano-Reyes?

YES ____       NO ____

11. What is reasonable compensation for:

a.  the loss of parental companionship, guidance, and instruction to Y.E.R.                $ _____

b.  for the pain and suffering of Y.E.R.                $ _____

    Total Amount (Add #11a & b):                $ _____

If you answered "YES" to both of Questions 6 and 7, regarding Deputy Gaddis, proceed to Question 12. If you answered "NO" to either Questions 6 or 7, regarding Deputy Gaddis, do not answer Question 12.

12. Is there a preponderance of evidence that warrants imposing punitive damages against Deputy Gaddis?

YES ____       NO ____

If you answered "YES" to both of Questions 8 and 9, regarding Deputy Bauman, proceed to Question 13. If you answered "NO" to either Questions 8 or 9, regarding Deputy Bauman, do not answer Question 13 but proceed to Question 14.

4

13. Is there a preponderance of evidence that warrants imposing punitive damages against Deputy Bauman?

YES ____   NO ____

If you answered "YES" to Question 2, regarding Deputy Gaddis, proceed to Question 14. If you answered "NO" to Question 2, regarding Deputy Gaddis, do not answer Question 14.

14. Is there clear and convincing evidence that warrants imposing punitive damages against Deputy Gaddis?

YES ____   NO ____

If you answered "YES" to Question 4, regarding Deputy Bauman, proceed to Question 15. If you answered "NO" to Question 4, regarding Deputy Bauman, do not answer Question 15.

15. Is there clear and convincing evidence that warrants imposing punitive damages against Deputy Bauman?

YES ____   NO ____

SO SAY WE ALL, this ___ day of _____ 2021.

_____
Foreperson's Signature