UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JESSICA N. ROGERS, as Personal
Representative of the Estate of Jose
F. Escaño-Reyes, and as parent and
natural guardian of Y.E.R., a minor child,

    Plaintiff,

v.                                                                CASE NO. 3:18-cv-571-RV-EMT

SHERIFF BOB JOHNSON, SGT. RUSSELL WRIGHT, SGT. JUDITH McPHAIL, DEP. JOHN GADDIS, DEP. MICHELLE BAUMAN[1],

    Defendants.
_____/

**GADDIS' AND BAUMAN'S PROPOSED JURY INSTRUCTIONS
SECOND STAGE OF BIFURCATED CASE – PUNITIVE DAMAGES**

## Table of Contents

503.1c (1) – Opening Instruction, Second Stage

5.13 Punitive Damages - Punitive Damage regarding Federal Claims

503.1c(2) - Punitive Damages regarding State Law Claims

SPECIAL INSTRUCTION #11 – Punitive Damages

503.1 (d) Closing Instruction, Second Stage

---

[1] Since the date of this incident, Deputy Michell Bauman has married, and her current name is Michelle Amos.

1

**503.1c (1) – Opening Instruction, Second Stage**

Members of the Jury:

I am now going to tell you about the rules of law that apply to determining whether punitive damages should be assessed and, if so, in what amount. When I finish with these instructions, the parties may present additional evidence along with the evidence already presented, and you should decide any disputed factual issues by the greater weight of the evidence. "Greater weight of the evidence" means the more persuasive and convincing force and effect of the entire evidence in the case.

**Source**: *Florida Standard Jury Instructions 503.1c(1).*

**5.13 Punitive Damages - Punitive Damage regarding Federal Claims**

If you find that punitive damages should be assessed against Deputy Gaddis and/or Deputy Bauman, you may consider the evidence regarding Deputy Gaddis' and/or Deputy Bauman's financial resources in fixing the amount of punitive damages to be awarded.

Concerning the Plaintiff's demand for punitive damages regarding the Federal Law claims, you may assess punitive damages against one or both of these individual Defendants or you may decide not to award punitive damages against one or both of these individual Defendants. Punitive damages may be assessed against different defendants in different amounts.

**Source:** *11th CIRCUIT Pattern Jury Instruction 5.13- Punitive Damages*

**503.1c(2) - Punitive Damages regarding State Law Claims**

Concerning the Plaintiff's demand for punitive damages regarding the State Law claims, you are to decide the amount of punitive damages, if any, to be assessed as punishment against Deputy Gaddis and/or Deputy Bauman and as a deterrent to others. This amount would be in addition to the compensatory damages you have previously awarded. In making this determination, you should consider the following:

(A). the nature, extent and degree of misconduct and the related circumstances, including the following:

i. whether the wrongful conduct was motivated solely by unreasonable financial gains.

ii. whether the unreasonably dangerous nature of the conduct, together with the high likelihood of injury resulting from the conduct, was actually known by Deputy Gaddis and/or Deputy Bauman.

iii. whether, at the tie of injury, Deputy Gaddis and/or Deputy Bauman had a specific intent to harm Mr. Escaño-Reyes and the conduct of Deputy Gaddis and/or Deputy Bauman did in fact harm; and

(B). the financial resources of Deputy Gaddis and/or Deputy Bauman.

However, you may not award an amount that would financially destroy Deputy Gaddis and/or Deputy Bauman.

5

You may in your discretion decline to assess punitive damages. You may assess punitive damages against one defendant and not the other or against more than one Defendant. Punitive damages may be assessed against different defendants in different amounts.

**Source**: *Florida Standard Jury Instructions 503.1c(2).*

## SPECIAL INSTRUCTION #11 – Punitive Damages

"The award of punitive damages should only hurt, not bankrupt, a defendant. The amount awarded should substantially punish the defendant but not place it beyond a reasonable potential financial capacity to pay the award."

**See:** *Wynn Oil Co. v. Purolator Chemical Corp.*, 403 F.Supp.226 (M.D. Fla. 1974)

Given:

Denied:

Modified:

**503.1 (d) CLOSING INSTRUCTION, SECOND STAGE:**

Members of the jury, you have now heard and received all of the evidence on the issue of punitive damages. Your verdict on the issues raised by the punitive damage claim of the Plaintiff against Deputy Gaddis and/or Deputy Bauman must be based on the evidence that has been received during the trial of the first phase of this case and on the evidence that has been received in these proceedings and the law on which I have instructed you. In reaching your verdict, you are not to be swayed from the performance of your duty by prejudice or sympathy for or against any party.

Your verdict must be unanimous, that is, your verdict must be agreed to by each of you.

You will be given a form of verdict, which I shall now read to you:

When you have agreed on your verdict, the foreman or forewoman, acting for the jury, should date and sign the verdict. You may retire to consider your verdict.

**Source:** *Florida Standard Jury Instruction 503.1d.*